19662

The STATE, Respondent, v. Kenneth G. LAWRENCE, Appellant
(198 S. E. (2d) 253)

*Messrs. John P. Gardner,* of Darlington, and *C. R. Parrott,* of Florence, *for Appellant,* cite:

*Messrs. Daniel R. McLeod, Atty. Gen., Dudley Saleeby, Jr., Asst. Atty. Gen.,* of Columbia, and *T. Kenneth Sum-*

*merford, Sol.,* of Florence, *for Respondent, cite:*

July 16, 1973.

LITTLEJOHN, Justice:

This appeal attacks the constitutionality of South Carolina Code § 16-83 (1962), entitled, "Abortion or attempted abortion not resulting in death."

On October 10, 1972, the defendant, Dr. Kenneth G. Lawrence (a licensed medical doctor specializing in ob-

stetrics and gynecology), was tried by jury and convicted of performing an abortion in violation of this statute. It is uncontradicted that the defendant performed the abortion on a thirty-year-old woman who was three months, or less, pregnant.

The statute in question reads as follows:

"§ 16-83. Abortion or attempted abortion not resulting in death.—Any person who shall administer to any woman with child, prescribe, procure or provide for any such woman or advise or procure any such woman to take any medicine, drug, substance or thing whatever or shall use or employ or advise the use or employment of any instrument or other means of force whatever, with intent thereby to cause or produce the miscarriage, abortion or premature labor of any such woman, shall, upon conviction thereof, be punished by imprisonment in the Penitentiary for a term not more than five years or by fine of not more than five thousand dollars or by such fine and imprisonment both, at the discretion of the court. But no conviction shall be had under the provisions of this section upon the uncorroborated evidence of such woman."

Timely motions were made for an acquittal, for a directed verdict, and for judgment *non obstante veredicto,* or in the alternative for a new trial. All motions were made on the ground, among others, that the statute under which appellant was prosecuted (§ 16-83) is violative of the Fourteenth Amendment of The United States Constitution; all motions were denied. The defendant has appealed.

The defendant's whole contention before this Court is that Code § 16-83 is unconstitutional in light of *Roe v. Wade,* 410 U. S. 113, 93 S. Ct. 705, 35 L. Ed. (2d) 147 (1973), and *Doe v. Bolton,* 410 U. S. 179, 93 S. Ct. 739, 35 L. Ed. (2d) 201 (1973), decided after conviction and sentence in this case. We are forced to agree.

The Court in *Roe* summarized the test by which to examine a state criminal abortion statute. We quote:

"To summarize and to repeat:

"1. A state criminal abortion statute of the current Texas type, that excepts from criminality only a *life saving* procedure on behalf of the mother, without regard to pregnancy stage and without recognition of the other interests involved, in violative of the Due Process Clause of the Fourteenth Amendment.

"(a) For the stage prior to approximately the end of the first trimester, the abortion decision and its effectuation must be left to the medical judgment of the pregnant woman's attending physician.

"(b) For the stage subsequent to approximately the end of the first trimester, the State, in promoting its interest in the health of the mother, may, if it chooses, regulate the abortion procedure in ways that are reasonably related to maternal health.

"(c) For the stage subsequent to viability the State, in promoting its interest in the potentiality of human life, may, if it chooses, regulate, and even proscribe, abortion except where it is necessary, in appropriate medical judgment, for the preservation of the life or health of the mother.

"2. The State may define the term 'physician,' as it has been employed in the preceding numbered paragraphs of this Part XI of this opinion, to mean only a physician currently licensed by the State, and may proscribe any abortion by a person who is not a physician as so defined."

It is apparent upon a reading of Code § 16-83 that it will not meet the requirements placed upon it by *Roe*.

It was also recognized in *Roe* that South Carolina had joined the trend toward liberalization of its abortion statutes by the adoption of less stringent laws [1] patterned after the American Law Institute's Model Penal Code, § 230.3 (Proposed Official Draft, 1962).

---

[1] South Carolina Code §§ 16-87 through 16-89 (Supp. 1971).

Even with the liberalization of Code § 16-83, through the adoption of Code § 16-87, the statute falls to the ruling of the United States Supreme Court. In *Doe,* the Court dealt with Georgia's criminal abortion statutes, also modeled after the American Law Institute's Model Penal Code. Upon a comparison of the Georgia statutes and the statutes of this State, we are left with no alternative but to follow the ruling of the United States Supreme Court and, accordingly, we hold that Code § 16-83 is unconstitutional.

Respondent, in its brief, frankly admits:

"Inasmuch as the Appellant in the case *sub jurice* is a licensed physician it is conceded that his actions in attempting to perform an abortion upon a thirty-year-old woman at her request would not be constitutionally punishable had these acts taken place subsequent to January 22, 1973." (The date the United States Supreme Court decided *Roe* and *Doe.*)

By taking this position, the State asks this Court to hold that the ruling of the United States Supreme Court is not retroactive. The appellant timely raised the constitutional issue at the trial of the case and received an adverse ruling. We are of the view, under the facts of this case, that the respondent's position is not well taken.

Respondent submits "that South Carolina's abortion laws are not invalid *in toto."* We limit our ruling to the sole issue before the Court, the validity of Code § 16-83. If it be conceded that portions of the abortion statutes are still valid, the fact remains that if the State is to effectively assert such authority as the United States Court will apparently permit, legislation is needed.

The conviction and sentence of the appellant is vacated and the lower court is

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.